**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KUBERJI, LLC and VIKAS G. PATEL, Plaintiffs, v. SACRAMENTO PACKING, INC., Defendant. | No. 25cv986 (EP) (SDA) **OPINION** |

**PADIN, District Judge.**

Plaintiffs Kuberji, LLC ("Kuberji") and Vikas G. Patel ("V. Patel") brought various state law claims against Defendants Shreyash R. Patel ("S. Patel"), Sacramento Packing, Inc. ("Sacramento"), and Oryx Enterprise, LLC ("Oryx")[1] by way of a complaint in the Superior Court of New Jersey, Law Division, Hudson County. D.E. 1-1 ("Complaint" or "Compl."). Sacramento then removed the action to this Court. D.E. 1 ("Notice of Removal"). The action concerns a business relationship between the parties created to facilitate the export to India of prunes and walnuts produced by Sacramento. *See* Compl.

Sacramento moves to dismiss the Complaint under Federal Rules of Civil Procedure 8, 9(b) and 12(b)(2) and (6). D.E. 14-1 ("Motion" or "Mot.").[2] Plaintiffs do not oppose. *See* Dkt. The Court decides the Motion without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). Because this Court finds, for the reasons set forth herein, that it may not exercise jurisdiction over

---

[1] On October 22, 2025, this Court, pursuant to Federal Rule of Civil Procedure 4(m), dismissed without prejudice this action as brought against Defendants S. Patel and Oryx. D.E. 18. Only Sacramento remains in this action.

[2] The Court refers to Sacramento's brief as the "Motion" for ease of reference. The Notice of Motion is at D.E. 14.

Sacramento, it will **GRANT** Sacramento's Motion to the extent it is brought under Rule 12(b)(2) and **DISMISS** the action *without prejudice* for lack of jurisdiction but will **DENY** Sacramento's Motion to the extent it is brought under Rules 8, 9(b), and 12(b)(6).

I.   BACKGROUND

   A.   Factual Background[3]

Plaintiff Kuberji is a Michigan corporation with its principal place of business in Detroit, Michigan. Compl. ¶ 1. Plaintiff V. Patel is an individual residing in Jersey City, New Jersey and is the sole principal of Kuberji. *Id.* ¶¶ 2–3.

Defendant Sacramento is a corporation incorporated under the laws of California, with its principal place of business in Yuba City, California. *Id.* ¶ 5; Notice of Removal ¶ 11. Sacramento produces prunes, walnuts, and products derivative of prunes and walnuts (collectively, the "Products"). Compl. ¶ 5.

In or around August 2017, V. Patel was approached by S. Patel, who wanted V. Patel to invest in a business opportunity wherein the Products produced by Sacramento would be exported to India. *Id.* ¶ 8. S. Patel represented to V. Patel that he had a pre-existing relationship with the owner of Sacramento and promised to assist V. Patel in securing a business visa that would allow V. Patel to remain in the United States for longer periods of time than V. Patel was permitted to remain under his visitor visa. *Id.* ¶ 9. V. Patel agreed to invest in this business relationships and,

---

[3] The facts in this section derive from the Complaint's well-pled factual allegations, which the Court presumes to be true for purposes of resolving this Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts in this section also derive from undisputed facts related to personal jurisdiction elicited through Sacramento's Motion, which this Court may rely on to decide issues of personal jurisdiction. *See Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010).

2

between October 19, 2017, and December 12, 2017, Plaintiffs wired a total of $252,712.00 to S. Patel, Sacramento, and Oryx based on S. Patel's representations. *Id.* ¶ 10.

Upon Plaintiffs' information and belief, Sacramento did not ship or deliver any Products after receiving payments from Plaintiffs, nor did Oryx or S. Patel cause Sacramento to ship or deliver any Products after receiving those payments. *Id.* ¶¶ 14–15.

Sacramento never responded to V. Patel's inquiries about the status of the business relationship and the payments Plaintiffs had made. *Id.* ¶ 16. After initially "avoid[ing] and "delay[ing]" responses to V. Patel's inquires, S. Patel, for his part, agreed to pay back all payments made by Plaintiffs to advance the business relationship. *Id.* ¶¶ 16–17. As of February 2023, S. Patel had only paid Plaintiffs $43,297, leaving an unpaid balance of $209,415.00 remaining. *Id.* ¶¶ 18–19. Plaintiffs have sought the return of the outstanding $209,415.00 without success since February 2023. *Id.* ¶¶ 20–21.

### B. Procedural Background

Plaintiffs filed their Complaint in the Superior Court of New Jersey, Law Division, Hudson County (the "State Court") on December 26, 2024, and the case was assigned the docket number HUD-L-004834-24. *See id.*

Plaintiffs brought six causes of action against Sacramento, S. Patel, and Oryx: (1) breach of contract, (2) unjust enrichment, (3) conversion, (4) fraud and misrepresentation, (5) specific performance, and (6) indemnification. *Id.* ¶¶ 23–61.

Sacramento was served with a copy of the Complaint via personal service at Sacramento's office in Yuba City, California on January 14, 2025. Notice of Removal ¶ 3. There is no evidence in the record that Oryx or S. Patel were ever served. *See* Notice of Removal ¶ 23 (citing the State Court docket, Ex. B to Notice of Removal); Dkt.

Sacramento then removed the action to this Court on February 4, 2025. Notice of Removal. On February 10, 2025, Sacramento filed a letter requesting a pre-motion conference. D.E. 5. The Court initially declined to hold such a conference because it appeared that Plaintiffs were proceeding *pro se*, D.E. 6, but, upon Sacramento's representations to the contrary, D.E. 7, required Plaintiffs' counsel to file a notice of appearance and a response to Sacramento's pre-motion letter, D.E. 8. Plaintiffs filed such a response on March 7, 2025, D.E. 11 ("Responsive Pre-Motion Letter"), after which the Court declined to hold a pre-motion conference and instructed Sacramento to file its motion, D.E. 12.

Sacramento then filed its Motion on April 11, 2025.[4] Plaintiffs did not file any opposition thereto. *See* Dkt.

On July 16, 2025, the Hon. Stacey D. Adams ordered Plaintiffs to file proof of service upon S. Patel and Oryx and stated that the Court would issue a call for dismissal as to S. Patel and Oryx if Plaintiffs did not file proof of service. D.E. 16. This Court then ordered Plaintiffs to show cause as to why this action should not be dismissed as to S. Patel and Oryx, D.E. 17, and, when Plaintiffs did not do so, pursuant to Federal Rule of Civil Procedure 4(m), dismissed without prejudice this action as brought against S. Patel and Oryx, D.E. 18.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 4(k), a district court may exercise personal jurisdiction according to the law of the forum state where it sits. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey law permits the exercise of personal jurisdiction coextensive with the Due Process Clause of the United States Constitution. *Miller*

---

[4] Sacramento filed a "Corrected Motice [sic] of Motion" that same day fixing the date of return but not making any substantive changes. *See* D.E. 15.

4

*Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. Rule 4:4–4(c)). Consistent with the exercise of jurisdiction permitted by the Due Process Clause, a defendant may therefore be subject to suit in New Jersey so long as the defendant has "certain minimum contacts with . . . [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316–17 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).[5]

There are two types of personal jurisdiction: general and specific. *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021). General jurisdiction allows a court to "hear any and all claims against" a defendant and may be exercised "when [the defendant's] affiliations with the State are so 'continuous and systematic' as to render [the defendant] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).

Specific jurisdiction, on the other hand, applies only to claims against a defendant that relate to its contacts with the forum. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal., San Francisco Cnty.*, 582 U.S. 255, 262 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)). To determine whether it may exercise specific jurisdiction over a nonresident defendant, a court must analyze the relationship between the defendant's contacts with the forum and the plaintiff's claims. *Ford*, 592 U.S. at 359. To exercise specific jurisdiction over a nonresident defendant, a court must find: (1) that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *Ford*, 592 U.S. at 351 (quoting *Hanson*

---

[5] In *O'Connor*, the Third Circuit evaluated whether a court could exercise personal jurisdiction pursuant to Pennsylvania law. *Id.* at 316. Like New Jersey's, Pennsylvania's long-arm statute is coextensive with the Due Process Clause of the United States Constitution. *See id.* The Third Circuit's approach in *O'Connor* therefore applies to the exercise of personal jurisdiction under New Jersey law, too.

*v. Denckla*, 357 U.S. 235, 253 (1958)); and (2) that the plaintiff's claims "'arise out of or relate to the defendant's contacts' with the forum." *Id.* (quoting *Bristol-Myers*, 582 U.S. at 262). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919). The court must also find that exercising jurisdiction over the defendant would "'comport with traditional notions of fair play and substantial justice' such that 'the defendant should reasonably anticipate being haled into court in that forum.'" *Hasson v. FullStory, Inc.*, 114 F.4th 181, 186 (3d Cir. 2024) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003)) (citation modified).

Plaintiffs bear the burden of demonstrating facts that support a court's exercise of personal jurisdiction at the motion to dismiss stage. *Toys "R" Us*, 318 F.3d at 456. At this stage, a district court must still construe disputed facts in favor of the plaintiff and "[w]here the district court does not hold an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction." *Eurofins Pharma*, 623 F.3d at 155. When a plaintiff does "suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the nonresident defendant] and the forum state,'" the court should deny the defendant's motion to dismiss and permit jurisdictional discovery. *Toys "R" Us*, 318 F.3d at 456 (quoting *Mellon Bank (E.) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). "A plaintiff may not, however, undertake a fishing expedition based only upon bare allegations, under the guise of jurisdictional discovery." *Eurofins Pharma*, 623 F.3d at 157.

### III.   ANALYSIS

Sacramento has moved to dismiss the Complaint under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(2) and (6). Because, for the reasons stated below, this Court finds that it cannot

exercise either general or specific personal jurisdiction over Sacramento, the Court does not reach Sacramento's Motion as brought under Rules 8, 9(b), and 12(b)(6). *See Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017) ("A court must have . . . power over the parties before it (personal jurisdiction) before it can resolve a case."). The Court further finds that it is not in the interest of justice to transfer this action. The Court will accordingly **GRANT** Sacramento's Motion to the extent it is brought under Rule 12(b)(2) and **DISMISS** the action *without prejudice* for lack of jurisdiction but will **DENY** Sacramento's Motion to the extent it is brought under Rules 8, 9(b), and 12(b)(6).

### A. The Court Does Not Have Personal Jurisdiction Over Sacramento

The Court begins by determining that there is no general jurisdiction in New Jersey over Sacramento and then finds that there is no specific jurisdiction over Sacramento in this case.

#### 1. *There is no general jurisdiction*

Exercising general jurisdiction over a corporate defendant is generally only appropriate when the defendant is incorporated or has its principal place of business in the forum state. *Daimler*, 571 U.S. at 137. General jurisdiction may, however, also arise when a corporation's operations outside of its place of incorporation or principal place of business "are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Id.* at 139 (quoting *Goodyear*, 564 U.S. at 919).

Here, Plaintiffs plead that Sacramento is incorporated under the laws of California—not New Jersey—and has its principal place of business in Yuba City, California—not New Jersey. Compl. ¶ 5. Plaintiffs have not brought forth any facts suggesting that Sacramento has any business operations in New Jersey, much less operations that are so continuous and systematic as to render Sacramento at home in New Jersey. *See* Compl. In fact, Plaintiffs' only reference to

7

New Jersey in the Complaint—which, because Plaintiffs have not opposed the Motion, is the only possible source of facts from Plaintiffs supporting general jurisdiction[6]—is that *Plaintiff* V. Patel resides in New Jersey. *See id.* This complete dearth of allegations regarding Sacramento's presence and operations in New Jersey militates the conclusion that this Court may not exercise general jurisdiction over Sacramento. *See, e.g.*, *Bermudez v. Gloucester Eng'g Co. Inc.*, No. 21-13370, 2021 WL 4786147, at *2 (D.N.J. Oct. 14, 2021) (finding no general jurisdiction where the plaintiff did not oppose motion to dismiss for lack of jurisdiction and where complaint contained no allegations supporting the exercise of general jurisdiction).

    2.    *There is no specific jurisdiction*

Plaintiffs have similarly failed to make a prima facie showing of specific jurisdiction. As explained *supra* Section II, specific jurisdiction allows a court to exercise jurisdiction over claims that relate to a nonresident defendant's contacts with the forum. *Bristol-Myers*, 582 U.S. at 262. To exercise specific jurisdiction over a nonresident defendant, the court must find: (1) that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *Ford*, 592 U.S. at 351 (quoting *Hanson*, 357 U.S. at 253); and (2) that the plaintiff's

---

[6] Plaintiffs' Responsive Pre-Motion Letter states, without any support, that "although Sacramento maintains its place of business in California, its business dealings are not only national but international in scope." Responsive Pre-Motion Letter at 2. Setting aside the fact that this statement appears nowhere in the Complaint itself nor in an actual opposition to the Motion, merely having national business dealings—even if they are with New Jersey residents—does not suffice to establish general jurisdiction. *See, e.g.*, *Abira Med. Lab'ys, LLC v. Am. Foreign Serv. Protective Ass'n*, No. 23-3917, 2024 WL 2721240, at *3 (D.N.J. May 28, 2024) (finding "conclusory assertion" that defendant provided health services in New Jersey insufficient to establish general jurisdiction over defendant).

claims "'arise out of or relate to the defendant's contacts' with the forum." *Id.* (quoting *Bristol-Myers*, 582 U.S. at 262).[7]

Here, the Court agrees with Sacramento that, besides Plaintiff V. Patel residing in New Jersey, *see* Compl. ¶ 2, the "only connection to New Jersey appears to be that Plaintiff [V.] Patel . . . may have sent Sacramento . . . a wire transfer." Mot. at 10. The Court further agrees with Sacramento that Plaintiff V. Patel's residence in New Jersey and the possibility that V. Patel may have sent a wire transfer from New Jersey to Sacramento are insufficient to create specific jurisdiction over Plaintiffs' claims.

To begin, it is far from clear that Plaintiffs have adequately pleaded that V. Patel even sent Sacramento a wire transfer in the first place, much less that he sent such a transfer from New Jersey. As Sacramento points out, Plaintiffs' Complaint does not specify which of the two Plaintiffs—V. Patel (a New Jersey resident) or Kuberji (a Michigan resident)—made the wire transfers to Sacramento, nor does the Complaint specify from where those wire transfers were sent. *See* Compl. ¶ 13; Mot. at 10 n.4.

Moreover, even if V. Patel did make wire transfers to Sacramento (whether while in New Jersey or while elsewhere), Sacramento's receipt of wire transfers from a New Jersey resident does not suffice to demonstrate that Sacramento has "purposefully avail[ed] itself of the privilege of conducting activities within" New Jersey. *Ford*, 592 U.S. at 35. "Receipt of payment from a forum does not, standing alone, constitute purposeful direction." *Harvey A. Kalan, M.D., Inc. v.*

---

[7] While specific jurisdiction is generally assessed on a claim-by-claim basis, courts need not do so for "certain factually overlapping claims." *O'Connor*, 496 F.3d at 318. Here, because Plaintiffs' claims all stem from the same allegations that Sacramento, Onyx, and S. Patel acted wrongfully in entering into a business relationship with Plaintiffs and then failed to return the money Plaintiffs had wired them, "a claim-specific analysis is not necessary." *Abira Med. Lab'ys, LLC*, 2024 WL 2721240, at *4.

9

*Koresko Fin. LP*, No. 14-5216, 2020 WL 1853468, at *5 (E.D. Pa. Apr. 13, 2020). And Plaintiffs have not demonstrated that Sacramento "purposefully 'reach[ed] out beyond' [its] State and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contact' in the forum State . . . ," or otherwise. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479–80 (1985)). In fact, Plaintiffs allege that the business relationship between Sacramento and Plaintiffs was created to export *California* resident Sacramento's Products to *India* and help V. Patel—the supposed New Jersey resident—obtain a more permanent visa to remain in the United States. *See* Compl. ¶¶ 8, 10. There is no indication that the business relationship formed to export Products from California to India envisioned a continuing and wide-reaching contact in New Jersey. Additionally, Plaintiffs do not specifically allege that Sacramento had any role in promising to help V. Patel obtain a more permanent visa (the Complaint states that S. Patel made this promise, Compl. ¶ 10), and, even if they did, the jurisdictional "analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285.[8]

---

[8] While Sacramento does not address the impact of the test for intentional torts set forth in *Calder v. Jones*, 465 U.S. 783 (1984) on Plaintiffs' "[f]raud and [m]isrepresentation" cause of action (*see* Compl. ¶¶ 41–47; Mot.), for the avoidance of doubt, the Court finds that Plaintiffs have not satisfied the *Calder* test given that V. Patel's supposed residence in New Jersey is not enough to show that New Jersey was the "focal point" of the tortious activity as *Calder* requires. *Calder*, 465 U.S. at 789. "[P]ermitting *Calder* to be satisfied on [the] basis [of a plaintiff's residence] would mean that jurisdiction in intentional tort cases would always be appropriate in the plaintiff's home state, since the plaintiff always 'feels' the impact of the tort there." *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 263 (3d Cir. 1998) (characterizing *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617 (4th Cir. 1997) and agreeing with its reasoning and conclusion). Under *Calder*, Plaintiffs are therefore required to show that Sacramento "expressly aimed its tortious conduct" at New Jersey—a bar they have not reached for the same reasons for which the Court found that Sacramento did not purposefully avail itself of the privilege of acting in New Jersey. *See supra*.

Accordingly, the Court concludes that the case for exercising specific jurisdiction over Plaintiffs' claims falls at the first hurdle: establishing that Sacramento "purposefully avail[ed] itself of the privilege of conducting activities within the forum State," *Ford*, 592 U.S. at 35. The Court will therefore **DISMISS** this action *without prejudice* for lack of jurisdiction.[9]

### B. The Court Will Not Transfer Venue

When a district court dismisses an action for lack of personal jurisdiction, it "must at least consider a transfer" of the action to a proper forum. *Id.* at 132. Transfer in lieu of dismissal is required if transfer "is in the interest of justice." 28 U.S.C § 1631. The district court nevertheless has "'broad discretion' not to transfer." *Danziger*, 948 F.3d at 132. "And though it may transfer a case at the parties' request or *sua sponte*, it need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Id.*

The Court declines to transfer this action because it does not find that it is in the interest of justice under 28 U.S.C § 1631 to do so. The Court reaches this conclusion because:

> The parties have not engaged in discovery or significant briefing. Plaintiff[s] ha[ve] not opposed the motion to dismiss and ha[ve] not raised any concern that [their] claims might become time-barred if the case were dismissed for lack of personal jurisdiction rather than transferred. [Sacramento] has also not sought transfer. Because the Court is unaware of what interests and intentions may have led Plaintiff[s] not to oppose and [Sacramento] not to seek transfer, the case shall be dismissed without prejudice.

---

[9] Because Plaintiffs did not oppose this Motion, the Court need not address the suggestion in their Responsive Pre-Motion Letter that Sacramento has "in effect, sought the jurisdiction of this Court and now argues that this Court has none." Responsive Pre-Motion Letter at 1. The Court, nevertheless, for good measure, notes that the Third Circuit has conclusively held that "[r]emoval does not cure jurisdictional defects, so defendants can still challenge jurisdiction after removal." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020). Sacramento's 12(b)(2) challenge is therefore proper even though Sacramento removed this action to this Court.

11

*Abira*, 2024 WL 2721240, at *6 (citing *Rinaldi v. FCA US LLC*, No. 22-886, 2022 WL 17340667, at *7 (D.N.J. Nov. 30, 2022) and then *Klick v. Asbestos Corp., Ltd.*, No. 20-16654, 2021 WL 2666709, at *4 (D.N.J. June 28, 2021)).

### IV.     CONCLUSION

For the reasons described above, the Court will **GRANT** Sacramento's Motion to the extent it is brought under Rule 12(b)(2) and **DISMISS** the action *without prejudice* for lack of jurisdiction but will **DENY** Sacramento's Motion to the extent it is brought under Rules 8, 9(b), and 12(b)(6).  An appropriate Order accompanies this Opinion.


Dated:  12/23/2025                                                          /s/ Evelyn Padin
                                                                                                            Evelyn Padin, U.S.D.J.